UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
COURT FILE NO.: _____

DEAN A. ANDERSEN
505 Lake Street
Waukesha, WI 53186,

          Plaintiff,

v.

HARRIS & HARRIS, LTD.
111 West Jackson Blvd, Suite 400,
Chicago, IL 60604,

          Defendant.

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This action arises from Defendant's violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. § 227 *et seq*.

2. The terms "automatic telephone dialing system" has the meaning ascribed to it by the TCPA, 47 U.S.C. § 227(a)(1).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 47 U.S.C. § 227.

4. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

5. Plaintiff Dean A. Andersen (hereinafter "Plaintiff"), is a natural person whose permanent residence is in the County of Waukesha, State of Wisconsin.

6. Plaintiff is a person affected by a violation of the TCPA with standing to bring this claim under 47 U.S.C. § 227.

### Defendant

7. Defendant Harris & Harris, LTD (hereinafter "Defendant"), is an Illinois corporation with its principal place of business located at 111 West Jackson Blvd, Suite 400, Chicago, IL 60604.

8. Defendant uses an automatic telephone dialing system in its efforts to collect debts from consumers.

9. Defendant uses pre-recorded messages and automated voice systems in its efforts to collect debts from consumers.

## FACTUAL SUMMARY

10. At no time has Defendant possessed Plaintiff's express consent to call Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded voice message system.

11. When a call placed to Plaintiff's cellular phone goes to Plaintiff's voicemail, a message recorded by Plaintiff plays which advises that "any and all automated calls and automated voicemail messages to this cell phone are

strictly forbidden and any and all consent under 47 USC § 227 has been and is hereby revoked. If you are not an automated call or automated recording, please leave a message and someone will get back to you shortly."

12. Defendant actually knew or had reason to know it did not have Plaintiff's express consent to call Plaintiff's cellular telephone using an automated dialing machine or prerecorded voice message system.

13. On October 31, 2011, Defendant called Plaintiff's cellular telephone. Defendant used an automatic telephone dialing system to place this call. Defendant left Plaintiff a voicemail using a pre-recorded voice message system.

14. Defendant's October 31, 2011 message, as recorded on Plaintiff's voicemail, began mid-sentence, stating:

> ...at 3124237484 to remove your phone number. If you are not *Deana Andersen*, please hang up or disconnect. If you are *Deana Andersen*, please continue to listen to this message. There will now be a three second message in this message. By continuing to listen to this message, you acknowledge you are *Deana Andersen*. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is *Heather Hallow* from Harris and Harris. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 3126047145. Thank you. Goodbye. (emphasis added to

3

> indicate the insertion of words spoken by a voice that is different than the voice speaking the words that are not emphasized).

15. Defendant left a pre-recorded message identical to the message described in Paragraph 14 *supra* on Plaintiff's cellular telephone on November 2, 2011.

16. On November 4, 2011 Defendant called Plaintiff's cellular telephone and left a voicemail using a pre-recorded voice message system.

17. The November 4, 2011 message, as recorded on Plaintiff's voicemail, began mid-sentence, stating:

> …at 3124237484 to remove your phone number. If you are not *Dean Andersen*, please hang up or disconnect. If you are *Dean Andersen*, please continue to listen to this message. There will now be a three second message in this message. By continuing to listen to this message, you acknowledge you are *Dean Andersen*. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is *Hugh Hogan* from Harris and Harris. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 312604-7175. Thank you. Goodbye. (emphasis added to indicate the insertion of words spoken by a voice that is different than the voice speaking the words that are not emphasized).

18. Defendant left pre-recorded messages on Plaintiff's cellular telephone identical to the message described in Paragraph 17 *supra* on November 7, 2011; November 9, 2011; and November 11, 2011.

4

19. Upon information and belief, Plaintiff has received additional calls and voicemails from Defendant that employed an automatic telephone dialing system and/or pre-recorded message.

20. Each of the telephone calls made by Defendant that employed an automatic telephone dialing system constitutes a separate violation of the TCPA, 47 U.S.C. § 227.

21. Each of the voice messages left by Defendant that employed a pre-recorded message constitutes a separate violation of the TCPA, 47 U.S.C. § 227.

22. Plaintiff suffered actual damages in the form of incurred charges, frustration, and fear of answering the telephone.

*Summary*

23. The above-detailed conduct by Defendant generated numerous violations of the TCPA.

24. Defendant's negligent and/or intentional acts resulted in the violation of federal law and resulted in actual damages to the Plaintiff.

**TRIAL BY JURY**

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

5

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant made numerous calls to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A).

28. Defendant left numerous voice messages on Plaintiff's cellular telephone service using a pre-recorded voice in violation of the TCPA, 47 U.S.C. § 227(b)(1)(B).

29. The acts and omissions of Defendant were performed unfairly, unlawfully, intentionally, deceptively and absent lawful right, legal defense, legal justification or legal excuse.

30. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone or to leave pre-recorded voicemails on Plaintiff's cellular telephone.

31. Defendant made such calls willfully and with knowledge or reason to know that the calls were made without the consent of Plaintiff.

6

32. Defendant's conduct left Plaintiff in a state of helplessness and victimization as the persistent and intrusive campaign of auto-dialed calls to Plaintiff eliminated the peace and solitude Plaintiff would otherwise have had. Defendants conduct constituted an unauthorized use of and interference with Plaintiff's cellular phone.

33. Under 47 U.S.C. § 227(b)(3), the Plaintiff is entitled to statutory damages of $500.00 per violation of the TCPA committed by Defendant and trebled damages of $1,500.00 per willful and knowing violation of the TCPA committed by Defendant.

34. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff's cellular phone by use of an automated dialing system, pursuant to the 47 U.S.C. § 227(b)(3)(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et seq.

35. For an award of statutory damages of $500.00 per violation pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;

7

36. For an award of trebled damages of $1,500.00 for each willful or knowing violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff;

37. For an injunction prohibiting Defendant from contacting Plaintiff's cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a);

38. For such other and further relief as may be just and proper.

Respectfully submitted,

MARTINEAU, GONKO & VAVRECK, PLLC

Dated: July 22, 2013      _s/ Mark L. Vavreck_____.
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220
mvavreck@mgvlawfirm.com

8

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF WISCONSIN )
) ss
COUNTY OF BROWN )

DEAN ANDERSEN, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/ *[signature]*
Dean Andersen

Subscribed and sworn to before me this 22ND day of July 2013.

*[signature]* Sergei Klimov
Notary Public

SERGEI KLIMOV
Notary Public
State of Wisconsin

My commission expires on December 04, 2016.

9